UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ALI SAREINI,

            Plaintiff,                    Case No. 2:12-cv-37

v.                                         Honorable R. Allan Edgar

MICHIGAN PAROLE BOARD et al.,

            Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because the Michigan Parole Board is immune and Plaintiff fails to state a claim against the remaining Defendants.

**Factual Allegations**

Plaintiff currently is incarcerated in the Newberry Correctional Facility. He pleaded guilty in the Wayne County Circuit Court to second-degree murder and was sentenced on September 7, 1989 to life imprisonment with the possibility of parole. Plaintiff's complaint concerns parole proceedings that ultimately resulted in the Michigan Parole Board withdrawing interest in granting Plaintiff parole. He sues the Michigan Parole Board (MPB), MPB Chairperson Tom Combs and MPB Members Barbara Sampson and Stephen DeBoer.

Plaintiff had his first parole interview after serving ten years in prison. The parole board found no interest in considering Plaintiff for parole and scheduled him for another interview in five years. In 2003, the parole board again passed Plaintiff over for parole consideration. Plaintiff contends that, in reaching that decision, the Parole Board erroneously considered the parole eligibility report for prisoner Vernon White #203591, which had been placed in Plaintiff's file.[1] In November 2008, after serving twenty years in prison, Plaintiff was interviewed by Defendant DeBoer. DeBoer found interest in granting Plaintiff parole and a public hearing was scheduled in accordance with MICH. COMP. LAWS § 791.234(6). The public hearing was held on December 15, 2009. The only individuals present at the hearing were Petitioner, DeBoer and the Attorney General. The hearing record reflected that there was no objection lodged and that the victim's family had not registered to be notified in the event of a public hearing on Plaintiff's parole.

Defendants issued a decision on February 5, 2010, withdrawing interest in paroling Plaintiff. According to the decision, Plaintiff minimized his involvement in the crime at the public hearing and the board had received additional information after the hearing that cast doubt on

---

[1] Plaintiff's prisoner number is #203519.

Plaintiff's veracity. Plaintiff filed a request for re-hearing with Defendant Sampson asking for the statements he made that were considered as minimizing his involvement in the crime, as well as the new information relied upon by the parole board, but received no response. Plaintiff later learned that the new information came from the victim's cousin, Ronald Amen. Plaintiff contends that Amen made false allegations that the parole board relied upon in making its decision to withdraw interest in granting him parole.

On April 6, 2010, Plaintiff filed a writ of mandamus in the Ingham County Circuit Court asserting violations of his due process and equal protection rights in the parole proceedings. According to Plaintiff, the court requested additional information from the parole board because the evidence upon which the board relied in making its decision was not on the record. After an *in camera* hearing from which Plaintiff was excluded, the court granted defendant's motion to dismiss the mandamus action. The Michigan Court of Appeals and the Michigan Supreme Court denied Plaintiff's applications for leave to appeal on August 11, 2011 and November 21, 2011, respectively.

Plaintiff contends that Defendants violated his due process and equal protection rights when they denied him parole based upon false and inaccurate information and failed to conduct the parole proceedings in accordance with Michigan law. Plaintiff does not request release on parole, but "seeks a new hearing utilizing proper statutes, procedures, and accurate information in the parole process."[2] (Compl. 10, docket #1, Page ID#10.) He also seeks declaratory relief.

---

[2] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the

**Discussion**

    I.      Immunity

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the Michigan Department of Corrections (MDOC) is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). The Michigan Parole Board is part of the MDOC. MICH. COMP. LAWS § 791.231a(1). Therefore, the Michigan Parole Board, as part of the MDOC, is immune from injunctive and monetary relief. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (Michigan Parole Board entitled to Eleventh Amendment immunity); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492 (6th Cir. 2004)

---

Supreme Court clarified that §1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. *See also Thomas v. Eby,* 481 F.3d 434, 439-40 (6th Cir. 2007) (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). Plaintiff does not directly seek release from prison; rather, he requests an injunction preventing Defendants from violating his federal rights in future parole proceedings. As a consequence, under *Wilkinson*, success in this action would not necessarily demonstrate the invalidity of Plaintiff's continued confinement, so his action may proceed under § 1983.

(same); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (same). Consequently, the Michigan Parole Board must be dismissed.

    II.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Due Process**

Plaintiff contends that Defendants violated his due process and equal protection rights when they denied him parole based upon false and inaccurate information and failed to conduct the parole proceedings in accordance with Michigan law. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. In a recent published decision, the Sixth Circuit reiterated the continuing validity of *Sweeton*. *See Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Plaintiff's related allegation that Defendants relied on false information to deny his parole also fails to state a claim. Because Plaintiff has no liberty interest in being paroled, he cannot show that the false information was relied upon to a constitutionally-significant degree. *See Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275, at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550, at *2 (6th Cir. Sept. 17, 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole); *see also Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999) (in order for the Due Process Clause to be implicated, false information in a prisoner's file must be relied on to a constitutionally significant degree); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir.

Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation). Therefore, Plaintiff fails to state a claim for a violation of his due process rights arising from the denial of his parole.

In summary, the discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to consider Plaintiff for parole, therefore, implicates no federal right. In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his procedural due process rights.

B.     **Equal Protection**

Plaintiff also asserts a violation of his equal protection rights. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Plaintiff does not suggest that he is a member of a suspect class, and "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir. 1998). In addition, prisoners do not have a fundamental right to parole.

Because neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate

purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)). To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff does not make any allegations whatsoever that Defendants intentionally treated him differently from other similarly situated prisoners. Accordingly, Plaintiff fails to state an equal protection claim.

   C. **State Law**

   Plaintiff contends that Defendants failed to conduct the parole proceedings in accordance with Michigan law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over the state-law claim, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1866-67 (2009), *cited in Orton v. Johnny's Lunch Franchise,LLC*, 668 F.3d 843, 2012 WL 539373, at *6 (6th Cir. Feb. 21, 2012). Here, the balance of the relevant considerations weighs against the continued exercise of

supplemental jurisdiction. Accordingly, Plaintiff's state-law claim will be dismissed without prejudice.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because the Michigan Parole Board is immune and Plaintiff fails to state a claim against the remaining Defendants.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  3/28/2012  /s/ R. Allan Edgar
R. Allan Edgar
United States District Judge